Filed 7/23/13  Alley & Company v. Office of Administrative Hearings CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ALLEY & COMPANY, INC., | C066477 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201080000429CUWMGDS) |
| v. | |
| OFFICE OF ADMINISTRATIVE HEARINGS, | |
| Respondent; | |
| CONTRACTORS' STATE LICENSE BOARD, | |
| Real Party in Interest and Appellant. | |

Real party in interest Contractors' State Licensing Board (Board) entered into a settlement agreement and disciplinary order (disciplinary order) with plaintiff Alley & Company, Inc., whereby plaintiff admitted certain allegations in citations issued by the Board and the Board placed plaintiff on probation for a period of two years.  Plaintiff later filed an application to set aside the disciplinary order, claiming it had been unaware at the time it agreed to the order that notice of the discipline would remain on the Board's

1

website for more than two years. Respondent Office of Administrative Hearings (OAH) denied plaintiff's application to set aside the disciplinary order.

Plaintiff initiated this mandamus proceeding seeking an order compelling OAH to grant plaintiff's application. The trial court granted the requested relief, and the Board appeals. We conclude plaintiff is not entitled to writ relief because its petition below was untimely. We therefore reverse.

## FACTS AND PROCEEDINGS

On March 14, 2007, the Board filed an accusation against plaintiff regarding a 2004 construction project. In October 2008, the Board expanded the accusation to include additional projects.

In August 2009, plaintiff and counsel for the Board agreed to settle the matter by way of the disciplinary order. The order provided that plaintiff's contractor's license would be revoked, but such revocation would be stayed and plaintiff would be placed on probation for a period of two years. The order further provided that it would not become effective until signed by the Registrar of the Board (Registrar).

On September 3, 2009, the Registrar issued an order adopting the disciplinary order and specifying that such order would go into effect on October 14, 2009. In the meantime, plaintiff learned that Business and Professions Code section 7124.6 requires that notice of any disciplinary action be maintained on the Board's website for five to seven years. Plaintiff sought assurances from the Board that information on the website would be removed at the end of the two-year probationary period. After the Board failed to provide such assurances, plaintiff requested that the disciplinary order be rescinded. The Board declined to permit rescission.

On October 2, 2009, 12 days before the disciplinary order was to go into effect, plaintiff filed an application to set aside the order due to mistake. On November 12,

2

OAH denied the application on the ground the Board lost jurisdiction over the matter once the time for reconsideration of the disciplinary order had passed.

On January 21, 2010, plaintiff filed the instant petition for writ of administrative mandate. The trial court granted the requested relief. The court concluded plaintiff is entitled to rescission because it had made a unilateral mistake in agreeing to the disciplinary order, the Board was aware of the mistake before the disciplinary order was approved by the Registrar, but the Board failed to take any action to rectify the mistake. The court entered judgment for plaintiff and issued a peremptory writ of mandate compelling the Board to set aside the disciplinary order.

The Board appeals.

DISCUSSION

The Board contends plaintiff's petition for writ of mandate was untimely and should have been denied on that basis. We agree.

Government Code section 11523 reads: "Judicial review may be had by filing a petition for writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, the petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. . . . If the petitioner, within 10 days after the last day on which reconsideration can be ordered, requests the agency to prepare all or any part of the record, the time within which a petition may be filed shall be extended until 30 days after its delivery to him or her. . . ." Government Code section 11523 applies to disciplinary actions of the Board. (Gov. Code, § 11501; Bus. & Prof. Code, §§ 7091, subd. (f), 7099.5.) The last day for reconsideration of a Board decision is 30 days after the order is delivered or mailed, or the order's effective day, whichever is

3

earlier.  (Gov. Code, §  11521, subd. (a); further undesignated section references are to the Government Code.)

The Board argues the order at issue here was the Registrar's September 3, 2009, approval of the disciplinary order which, according to the Board, was served on plaintiff on September 8, 2009.  The effective date of that order was October 14, 2009.  Under section 11521, subdivision (a), the last day for reconsideration of the September 3 order was October 8, 2009.  Hence, the Board argues, plaintiff was required to seek judicial review within 30 days of that date.  And since plaintiff did not file its petition until January 21, 2010, it was untimely.

Plaintiff does not dispute that section 11523 controls this matter.  It argues instead that section 11523 is a statute of limitations and, as such, must be pleaded by the Board as an affirmative defense.  Plaintiff asserts the Board failed to do so.

Plaintiff is mistaken.  The Board's answer to the petition contains a section for affirmative defenses.  Between the first and third numbered affirmative defenses is the following statement:  "The petition was filed more than thirty days after the final day for reconsideration of the Board's decision."  Although this statement is not preceded by the number 2, its location in the answer makes clear it is intended as the second affirmative defense.  And while section 11523 is not mentioned, it is clear by the content of the statement that this is the basis of the defense.  In addition, the Board's opposition brief, filed before the answer, asserted plaintiff failed to satisfy the timing requirements of section 11523.

Plaintiff argues its petition was timely because, as alleged therein, the Board amended the disciplinary order on November 23, 2009, to change the amount of the bond required to be filed by plaintiff.  According to plaintiff, this restarted the 30-day period for reconsideration and, hence, the statutory period for filing a petition for writ of mandate.

4

Again, we disagree.  The basis of plaintiff's petition for writ of mandate is not the increase in the bond but the alleged mistake as to the Board's website notice requirements.  The Board's clerical correction did not reinitiate the statutory period for seeking court review of the latter.

Because plaintiff failed to file its petition for judicial review within the time required by section 11523, its petition is time-barred and the trial court erred in granting relief.

DISPOSITION

The judgment is reversed and the matter remanded to the trial court with directions to enter a new judgment denying writ relief and reinstating the disciplinary order.  The Board shall recover its costs on appeal.


                                                           HULL          , J.



We concur:



     NICHOLSON     , Acting P.  J.



     DUARTE       , J.